Dear Mr. Speed:
You have asked this office to advise whether the provisions of the state Dual Officeholding and Dual Employment Law, La.R.S. 42:61, et seq., prohibit an elected member of the St. Helena Parish Police Jury from holding at the same time a position of employment with the St. Helena Parish School Board in the position of project coordinator for renovations at the St. Helena Parish Elementary School and St. Helena Parish High School. This position of employment will be funded through grant monies provided by the federal Gulf Coast Recovery Grant Initiative.
We first point out that our analysis assumes that the position of project coordinator is in fact a position ofemployment[1] with the school board. Note that the dual officeholding provisions do not apply to an individual employed on a contract basis, because such person does not hold a position of employment as defined by the dual officeholding law. "An independent contractor, as opposed to a servant (employee), usually contracts to do a specific amount of work according to his own methods. The employer exerts little control over the action of the independent contractor. Mode of payment is not decisive in determining whether an employee is actually an independent contractor, though payment by the job indicates the existence of an independent contractor/employee relationship." See La. Atty. Gen Op. 80-413, copy attached.
Note further that we have not been provided any information indicating that the position of project manager is considered anappointive office for purposes of the dual officeholding law. An individual holds an appointive office, rather than employment, where the position is established by the constitution, statutes, home *Page 2 
rule charter provisions or ordinances of a municipality or parish, and the position is appointed by another elected or appointed official, or a body of officials.[2] Because the position of project manager is employment rather than appointive office, that portion of La.R.S. 42:63(D) which prohibits a person holding local elective office and at the same time holding full-time appointive office is inapplicable.
Of relevance here is La.R.S. 42:63(D), providing in part that "no person holding an elective office in a political subdivision of this state shall at the same time hold . . . employment . . . in the same political subdivision in which he holds an elective office."[3]
The definition provided in La.R.S. 42:62(9) classifies the parish and the school board as separate political subdivisions.[4] While La.R.S. 42:63(D) prohibits one from holding local elective office and employment in the same political subdivision, the law does not prohibit one from holding at the same time elective office and employment in separate political subdivisions.
It is the opinion of this office that La.R.S. 42:63(D) does not prohibit a current member of the St. Helena Parish Police Jury from at the same time holding employment with the St. Helena Parish School Board as project manager of the above described renovations. In accord with this analysis and conclusion are the following prior opinions of this office: La. Atty. Gen. Op. 06-0159 (elected councilman in West Baton Rouge Parish could be employed as maintenance supervisor for the West Baton Rouge Parish School Board); La. Atty. Gen. Op. 03-0453 (East Feliciana Parish police juror may hold employment with the East Feliciana Parish School Board); La. Atty. Gen. Op. 85-247 (Iberville Parish police juror may hold employment with the Iberville Parish School Board). We point out *Page 3 
here that La. Atty. Gen. Op. 91-0204, which you reference in your letter, contradicts La.R.S. 42:62(9), insofar as the author concluded that the parish and the school board are the same political subdivision for purposes of dual officeholding; that portion of Opinion 91-204 is recalled.
This opinion is limited to an examination of state law regulating dual employment and does not review any federal law which might be applicable. Ethical concerns raised by these circumstances must be submitted to the Louisiana State Board of Ethics for review and resolution. The Board renders advisory opinions regarding the Louisiana Code of Governmental Ethics, La.R.S. 42:1111, etseq. The mailing address for the Louisiana State Board of Ethics is P.O. Box 4368, Baton Rouge, Louisiana 70821, phone 225-219-5600.
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
Very truly yours,
JAMES D. "BUDDY" CALDWELL, ATTORNEY GENERAL
BY:___________________________________________ KERRY L. KILPATRICK, ASSISTANT ATTORNEY GENERAL
KLK:arg
[1] La.R.S. 42:62(3) defines "employment" to mean "any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof."
[2] La.R.S. 42:62((2) defines appointive office as "any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof."
[3] La.R.S. 42:63(D) provides:
D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition, no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court.
[4] La.R.S. 42:62(9) defines "political subdivision" to mean "a parish, municipality and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part, mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions."